UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY MAIRENA TINOCO,<br><br>          Petitioner,<br><br>v.<br><br>CHRISTOPHER LAROSE, Senior Warden, Otay Mesa Detention Center; KRISTI NOEM, Secretary, U.S. Department of Homeland Security; TODD LYONS, Acting Director, U.S. Immigration and Customs Enforcement; PATRICK DIVVER, Field Office Director, San Diego Office, U.S. Immigration and Customs Enforcement; and PAMELA BONDI, Attorney General, U.S. Department of Justice,<br><br>          Respondents. | Case No.: 26-cv-0605-JES-SBC<br><br>**JUDGMENT AND ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**[ECF No. 1]** |

Before the Court is Petitioner Mary Mairena Tinoco's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition"), filed on January 30, 2026. ECF No. 1 ("Pet."). Respondents missed their deadline to respond to the Petition, and Petitioner filed a Traverse asking for relief on that basis. ECF No. 3. Respondents then filed a return to the Petition. ECF No. 5 ("Return"). The Court granted Petitioner leave to file an additional Traverse addressing the issues raised in the Return, which Petitioner did file on February

1

10, 2026. ECF Nos. 6, 7. The Court ordered a hearing on the remaining issues in the Petition, which occurred on February 18, 2026.

## I.     BACKGROUND

Petitioner is a Nicaraguan national who entered the United States without inspection in December of 2021. Pet. ¶ 25. On December 16, 2021, Department of Homeland Security granted Petitioner release on her own recognizance, subject to an Order of Release on Recognizance Form I-220(A). *Id.* ¶ 26.

Petitioner has resided in the U.S. ever since. *Id.* She is married to a U.S. Citizen, who has filed a Form I-130 immigration petition on her behalf. *Id.* ¶ 28.  That petition is currently pending. *Id.*

Petitioner was recently arrested and charged with petty theft in Florida. *Id.* ¶ 26; Return at 3.  She was subsequently arrested and taken into custody by officers of U.S. Immigration and Customs Enforcement ("ICE") and placed in removal proceedings. Pet. ¶¶ 29-30; Return at 2. Petitioner states, and Respondents do not contest, that she has not received any individualized custody hearing. Pet. ¶ 39.

On February 17, 2025, the State of Florida entered a disposition of Nolle Pros in Petitioner's petty theft case, reflecting its declination to prosecute the charge. ECF No. 9 at 1.

## II.     LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates to be in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Traditionally, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301

26-cv-0605-JES-SBC

(2001). Accordingly, challenges to immigration-related detention are within the purview of a district court's habeas jurisdiction. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also Demore v. Kim*, 538 U.S. 510, 517 (2003).

### III.    DISCUSSION

In her petition, Petitioner argues that the lack of individualized custody determination in her case violates the due process clause and the Immigration and Nationality Act (INA) considering her prior Order of Release on Recognizance. Pet. ¶¶ 48. Respondents argued that Petitioner was not entitled to release or a bond hearing because she was subject to the mandatory detention provision of 1226(c) as amended by the Laken Riley Act following her arrest for theft. Return at 2. Shortly after the briefing in this matter, Petitioner's counsel submitted a status update relating that the State of Florida had declined to prosecute Petitioner's criminal case. ECF No. 9.

At the hearing in this matter, Respondents represented that they now concede Petitioner is entitled to an order from this Court ordering a bond hearing due to the disposition of her criminal case. Petitioner's counsel stated that the parties were in agreement regarding a bond hearing, and that a bond hearing was the only remedy sought by Petitioner at this time. The parties' agreement that Petitioner is no longer subject to mandatory detention under 1226(c) after Florida has declined to prosecute her case is in keeping with the findings of other courts facing as-applied challenges to the Laken-Riley Act's arrest-only provision. *See Brandon Y. M. v. Andrews*, No. 1:25-CV-01962-SKO (HC), 2026 WL 125234, at *3 (E.D. Cal. Jan. 16, 2026) ("The Court further finds serious constitutional concerns would be presented if the LRA encompassed Petitioner's arrest and subsequent release without the filing of a formal accusatory pleading."); *Hairo v. Crawford*, No. 2:25CV704, 2026 WL 286176, at *2 (E.D. Va. Feb. 3, 2026) (holding that the Act's arrest-only provision ceased to apply when underlying charges are dropped as a matter of statutory interpretation).

26-cv-0605-JES-SBC

Accordingly, Petitioner's Petition for Writ of Habeas Corpus is **GRANTED** as to the requested remedy of a bond hearing. Petitioner's remaining claims are **DENIED** as moot.

### IV. CONCLUSION

Accordingly, the Court **GRANTS** the petition, and **ORDERS** as follows:

(1) The Court **ORDERS** Respondents to provide Petitioner with a bond determination hearing under 8 U.S.C. § 1226(a) within **ten days** of this Order. At the hearing, Respondents must provide Petitioner with a constitutionally adequate and individualized bond hearing consistent with this order and Respondent's concession that 1226(c) does not govern; and

(2) Respondents are **ORDERED** to File a Notice of Compliance within **five days** of providing Petitioner with a bond redetermination hearing, including apprising the Court of the results of the hearing and providing a copy of the bond order.

The Clerk of Court is **ORDERED** to **CLOSE** this case.

**IT IS SO ORDERED.**

Dated: February 18, 2026

_____
Honorable James E. Simmons Jr.
United States District Judge